UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUDY N. GARMANY-STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-054-WTL-JMS |
| | ) | |
| WELLPOINT, | ) | |
| Defendant. | ) | |

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the defendant's motion to dismiss must be **granted.**

**Discussion**

Judy N. Garmany-Starks was formerly employed by Wellpoint and claims in this lawsuit that at the time of her separation from that employment she did not receive notice showing the ages of all individuals in the same job classification or organization unit who had likewise separated employment with Wellpoint in conjunction with a reduction in work force.

Wellpoint seeks dismissal of the action. Under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a claim or entire complaint may be dismissed for a "failure to state a claim upon which relief can be granted." Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Congress passed the Older Workers Benefit Protection Act ("OWBPA"), Pub.L. 101-433, 104 Stat. 978, 29 U.S.C. § 626, as an amendment to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. *Long v. Sears Roebuck & Co.,* 105 F.3d 1529, 1534 (3d Cir. 1997). "Its purpose was two-fold: to 'make clear that discrimination on the basis of age in virtually all forms of employee benefits is unlawful,' and to 'ensure that older workers are not coerced or manipulated into waiving their rights to seek legal relief under the ADEA.'" *Id.* (alterations omitted) (quoting S.Rep. No. 101-263, U.S.Code Cong. & Admin.News 1990 at pp. 1509, 1510).

A violation of the OWBPA, however, does not, by itself, establish a violation of the ADEA. *Mitchell v. Rocky Mountain Cancer Centers,* LLP 262 F.R.D. 575, 577 (D.Colo. 2009). In particular,"a failure to meet the requirements [of OWBPA] does not constitute a separate cause of action." *EEOC v. Sara Lee Corp.,* 923 F. Supp. 994, 999 (W.D.Mich. 1995). The situation here is the equivalent of that considered in *Graves v. Horry-Georgetown Technical College,* 512 F.Supp.2d 413, 422 (D.S.C. 2007):

> The OWBPA was enacted to invalidate a waiver of a ADEA claim that does not comply with § 626(f). The OWBPA does not provide a cause of action for an improper waiver of employee benefits irrespective of a violation of the ADEA. Plaintiff fails to allege a violation of the ADEA, thus her claim under the OWBPA fails as a matter of law.

*Id.* at 422 (footnote omitted). Even if the court concluded otherwise with respect to whether the alleged violation of the OWBPA could support a separate cause of action, Garmany-Starks seeks only damages and no damages remedy could be fashioned. *Commonwealth v. Bull HN Info. Sys., Inc.,* 143 F.Supp. 2d 134, 158 (D.Mass. 2001) (holding that OWBPA does not provide a cause of action for monetary damages because "[t]here is no measure of damages deriving from an invalid waiver that is separate and distinct from an employee's interest in escaping age discrimination")(citing *Piascik-Lambeth v. Textron Automotive Co., Inc.,* 2000 WL 1875873 (D.N.H. 2000) (unpublished decision)). This limitation has been found persuasive elsewhere, as it is here.

> Taken together, the relevant authorities, viewed in perspective of the statutory text and the statutory scheme involved, lead to the conclusion that, under section 626(c), an employee can seek declaratory and injunctive relief for a violation of the OWBPA provisions respecting waivers found in section 626(f). However, a violation of section 626(f), standing alone, or without an accompanying ADEA age discrimination claim, is not viable because there is no monetary damage that can flow simply from a violation of the waiver provisions in section 626(f).
>
> That approach to this issue effectuates the enforcement provisions of both the ADEA and the OWBPA, and the intent of Congress.

*Krane v. Capital One Services, Inc.,* 314 F.Supp.2d 589, 609 (E.D.Va. 2004).

There is no cause of action for damages based on an employer's failure to make disclosures or otherwise "violate" § 626(f). There is no separate claim under the ADEA. Wellpoint's motion to dismiss (dkt 9) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/10/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana